IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV126-MU

| | |
|---|---|
| WILLIE JAMES WILLIAMS,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **O R D E R** |
| ) | |
| Ms. LAWLER, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed April 13, 2006.

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his constitutional rights by placing him on ICON status prior to the holding of a disciplinary hearing for his alleged assault on a correctional officer. A review of Plaintiff's Complaint leads this Court to conclude that Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies[1] prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the

---

[1] The Court takes judicial notice of the fact that the North Carolina Department of Corrections (DOC) has an Administrative Remedy Procedure which governs the filing of grievances in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

Plaintiff attached a copy of a grievance form to his Complaint. The grievance was received by the prison on March 19, 2006, and sets forth Plaintiff's allegation that he was improperly placed on ICON status before he had a disciplinary hearing. Plaintiff did not submit any other forms to demonstrate that he has exhausted his administrative remedies. Indeed, in response to a Court Order requesting all proof that he has exhausted his administrative remedies, Plaintiff merely responded that he had submitted copies of grievances to this Court demonstrating such compliance.

A review of all the documents submitted by Plaintiff supports the conclusion that Plaintiff has not exhausted his administrative remedies. That is, the grievance process in the North Carolina Department of Corrections is comprised of three distinct steps. Plaintiff has provided evidence that he engaged in Step One of the grievance process. The conclusion that Plaintiff has not completed all of the required steps of the grievance process is also supported by the dates involved. That is, Plaintiff turned in his initial grievance on March 19, 2006. He signed his Complaint on April 11, 2006. It would be highly unlikely that Plaintiff's grievance could go through all three steps of the grievance process in that time period. This Court therefore holds that Plaintiff has failed to exhaust his administrative remedies and his Complaint must be dismissed.

In closing the Court notes that in all likelihood, even if his claim were exhausted, it would

not be cognizable under 1983. The Supreme Court recently ruled that Ohio's procedures – multilevel review, notice to the inmate, and an opportunity for rebuttal -- for placing inmates in its Supermax facility provided sufficient due process to protect inmates' liberty interests in avoiding assignment to the Supermax. See Wilkinson v. Austin, 125 S. Ct. 2384 (2005). The procedures used by the North Carolina Department of Correction's for placing Plaintiff on ICON status are similar in essence to Ohio's and provide sufficient due process to protect inmates' liberty interests. Plaintiff himself states in his Complaint that he received notice, an opportunity to be heard, and a multi-level review. (Compl. p. 1) As such, Plaintiff's placement on ICON status did not violate Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Signed: May 2, 2006

Graham C. Mullen
United States District Judge